[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Ruling on Motion for Order to Appoint a Receiver
The court finds that defendant Eddy A. Block filed or caused to be filed tax returns with the United States government that transferred plaintiff Robert Warner's ownership interest in the property at 26-28 Beaver Street, Ansonia to an entity named Real Estate, LLC and identified the plaintiff as a partner in Real Estate, LLC despite the fact that the defendants had never informed the plaintiff of the existence of Real Estate, LLC and the plaintiff had never consented to becoming a member of, or entered an agreement concerning, Real Estate, LLC. Defendant Eddy Block then made occasional withdrawals from the assets of Real Estate, LLC or Beaver Street Associates to pay himself, his ex-wife, and his attorney in the present case despite the fact that these business entities were facing foreclosure. The defendants also have been less than cooperative in producing the books and records of these entities in response to requests from the plaintiff and his agents. From this fact the court infers that there is additional evidence of clandestime financial dealings and diversion of funds that the defendants are reluctant to reveal. Based on these findings, the court concludes that it is necessary and appropriate to appoint a receiver for these entities.
Defendant Eager Beaver, LLC objects to the appointment of a receiver for Beaver Street Associates on the ground that, while Beaver Street Associates plantiff in the case, it is not a party defendant. Neither party has supplied any authority that directly addresses this issue and the court has found none.[1] It appears to the court that Eager Beaver's objection elevates form over substance. The placement of Beaver Street Associates as a defendant instead of a plaintiff would not change the defense of this matter. In either event, the real party in interest, defendant Eddy Block, would be present to defend against the motion. Since Robert Warner and Eddy Block are the only two partners in Beaver Street Associates and each has a 50% interest, there is no other partner who needs to be heard for the court to decide whether to appoint a receiver. The placement of Beaver Street Associates as a plaintiff gives the court sufficient power to appoint a receiver to manage its affairs. CT Page 1423
Defendant Eager Beaver also objects to the appointment of a receiver for it on the ground that Robert Warner is not an owner of Eager Beaver, a member, or a creditor. However, the main purpose, if not the only purpose, of Eager Beaver is to hold the note and mortgage given by Beaver Street Associates to finance the purchase of the property at 26-28 Beaver Street. Further, the members of Eager Beaver are defendants Julie Thalen-B lock, the former attorney for Beaver Street Associates, and Eddy Block, a 50% partner in Beaver Street Associates. Thus, Eager Beaver is intimately associated with Beaver Street Associates. Under these circumstances, appointing a receiver for Beaver Street Associates and not for Eager Beaver may well undermine the receiver's ability to gain control over the finances of Beaver Street Associates.
Accordingly, pursuant to General Statutes § 52-504, the court grants the motion for appointment of a receiver to take into custody the books, records, and cash assets of Beaver Street Associates, Real Estate, LLC, and Eager Beaver, LLC, and to otherwise perform the duties set out in chapter 21 of the Practice Book. Pursuant to General Statutes §§ 52-504 and 52-506, the court orders that the receiver file a sufficient bond and that plaintiff Robert Warner pay 50% of the cost of the bond and that the defendants jointly pay 50%. The parties shall submit a statement by January 31, 2003, concerning the amount of bond that is appropriate. In addition, by January 31, 2003, the plaintiff shall and the defendants (jointly if possible) may, if they wish, submit the names and resumes of at least two persons, with no connections to any of the parties and with sufficient experience to qualify as a receiver in this case, as well as a proposed order, consistent with this ruling, governing the receiver's duties. Finally, a status conference on this case and the related cases shall take place on March 10, 2003, at 2:15 p.m. in Courtroom 3A of the courthouse at 400 Grand Street in Waterbury.
It is so ordered.
 ___________________ Carl J. Schuman Judge, Superior Court